IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LORINE MITCHELL                                                                                       PLAINTIFF

vs.                                                                         CAUSE NO. 3:17-CV-00170-MPM-RP

STATE FARM FIRE AND CASUALTY COMPANY                                                DEFENDANT

### STATE FARM'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATION OF T. JOSEPH SNODGRASS

Pursuant to L.U.Civ.R. 7, Fed. R. Civ. P. Rule 16(f), and Fed. R. Evid. 802, Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits this Memorandum in support of its motion to strike the Declaration of T. Joseph Snodgrass in Support of Plaintiff's Motion for Class Certification (the "Snodgrass Declaration" or "Declaration").

This case is an asserted class action. On July 20, 2018, pursuant to this Court's Case Management Order, Plaintiff filed her motion for class certification and supporting argument. [115; 116.] The record she filed in support of her Motion included a never-before-disclosed declaration from an improper witness: her attorney, T. Joseph Snodgrass. [115-7] (attached for convenience as <u>Exhibit 1</u> to State Farm's accompanying Motion to Strike). Plaintiff relies on the Declaration to satisfy the numerosity and superiority requirements for class certification. Indeed, it is the *only* evidence Plaintiff cites to support those to Rule 23 prerequisites. The Declaration should be stricken, however, for it is incompetent hearsay and was produced long after the close of the period this Court allowed for discovery on the question of class certification. The Declaration would be inadmissible at trial, and thus cannot properly considered for class certification either. *Unger v. Amedisys Inc.*, 401 F.3d 316, 325 (5th Cir. 2005).

## BACKGROUND

On November 6, 2017, the Court entered its initial Rule 16 Case Management Order. [61.] The Case Management Order directed that "[c]lass certification-related discovery *must* be completed by April 6, 2018." *Id.* at ¶ 4 (emphasis added). In response to several motions, including by Plaintiff (*see* [84, 103, 107]), the Court extended the deadline for class certification-related discovery until July 2, 2018. [87, 104, 109.]

During discovery, Plaintiff demanded that State Farm extract and produce specific information relating to putative class members. State Farm produced the requested data (while preserving various objections) on Jan. 17, 2018, and updated its production on March 29, 2018. *See* State Farm's Responses to Plaintiff's First Set of Interrogatories (Exhibit 2), at 5-6; Jan. 17, 2018 email (Exhibit 3); State Farm's Responses to Plaintiff's Second Set of Interrogatories (Exhibit 4); Mar. 29, 2018 email (Exhibit 5). The responsive data report that State Farm produced, designated as SFMITCHELL00050803PROD (hereinafter, the "Data Report"), is a massive Excel spreadsheet ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

For its own discovery, State Farm asked Plaintiff to produce all information she intended to rely upon in support of her class certification motion, including specifically any evidence she

---

[1] Prints of exemplar pages from these two tabs of the Data Report are attached as Exhibit 6 to State Farm's accompanying Motion to Strike.

intended to present on the Rule 23(b)(3) prerequisite of superiority. *See* Plaintiff's Responses to State Farm's First Set of Requests to Produce (Exhibit 7), at Nos. 10-11; Plaintiff's Answers to State Farm's First Set of Interrogatories (Exhibit 8), at Nos. 8, 11. As of the July 2, 2018 close of the period for discovery on the issue of class certification, however, Plaintiff's responsive production did not include any declaration or other material analyzing data in the Report State Farm had produced. Similarly, Plaintiff's Rule 26(a)(1) disclosures (which she updated on June 18, 2018) did not identify Mr. Snodgrass or his staff as persons with discoverable information. *See* Plaintiff's Initial Disclosures (Exhibit 9); Plaintiff's Supplemental Initial Disclosures (Exhibit 10).

Plaintiff filed her now pending Class Motion[2] and supporting Class Memorandum[3] on July 20, 2018. The Snodgrass Declaration was disclosed for the first time with that filing [115-7], and Plaintiff relies on it exclusively to support the Rule 23 prerequisites of numerosity and superiority. *See* Pl. Mem. at 9-10, 15-16, 20. The Snodgrass Declaration begins by setting out the claimed results of work assertedly performed by an unidentified staff person (the "Staff Person") employed by Mr. Snodgrass. The Declaration expressly confirms that the statements therein are offered "to prove there are unquestionably thousands of class members" and to "demonstrate[]" that the claims of putative class members are "extremely small and modest on a per policyholder basis." Ex. 1 at ¶¶ 4, 9.

---

[2] Plaintiff's Motion for Class Certification Monetary Damages Class, or in the Alternative, an Issues Class [115] is referred to herein as the "Class Motion" or "Pl. Mot."

[3] Plaintiff's Memorandum in Support of Motion for Class Certification of a Moonetary Damages Class, Or in the Alternative, An Issues Class [116] is referred to herein as the "Class Memorandum" or "Pl. Mem."

**ARGUMENT**

**I.    THE SNODGRASS DECLARATION SHOULD BE STRICKEN BECAUSE IT CONTAINS INADMISSIBLE HEARSAY.**

The Snodgrass Declaration should be stricken as inadmissible hearsay. The Declaration itself reports that Mr. Snodgrass did not personally perform any of the work required to generate the claim counts or other calculations set forth therein. *See* Ex. 1 at ¶¶ 2-9. And while Mr. Snodgrass states that he "instructed" his Staff Person to prepare that information, Mr. Snodgrass does not disclose what instruction he gave or what supervision he performed to ensure the accuracy of the Staff Person's work. *Id.* Furthermore, Mr. Snodgrass has not provided the results of any of the sorting performed by the Staff Person, which at least would have allowed State Farm to verify that the Staff Person's work was reliable and that the calculations to arrive at the reported averages, percentages, and other values set out in the Snodgrass Affidavit were accurately computed. *Id.*

It is well-established that a court considering a motion for class certification "must . . . base its ruling on *admissible* evidence." *Unger*, 401 F.3d at 325 (emphasis added). Hearsay evidence, therefore, should not be considered at class certification unless an exception applies. *See, e.g., Van v. Anderson*, No. CIV.A. 3:99CV0311-P, 2001 WL 803722, at *1 (N.D. Tex. July 12, 2001) (striking evidence introduced in support of Plaintiff's motion for class certification on hearsay and other grounds); *Sanft v. Winnebago Indus., Inc.*, 216 F.R.D. 453, 458 (N.D. Iowa 2003) (striking portions of affidavit submitted during class certification briefing on hearsay grounds); *Eversole v. EMC Mortg. Corp.*, No. CIV.A. 05-124-KSF, 2007 WL 1558512, at *7 (E.D. Ky. May 29, 2007) (striking "numerosity" affidavit as inadmissible hearsay (and citing *Unger*, 401 F.3d at 325)).

In *Sanft*, for example, the court struck on hearsay grounds several paragraphs from a declaration submitted by the plaintiff's attorney in support of the plaintiff's request for class certification. 216 F.R.D. at 456-59. The plaintiff's attorney averred that he had spoken with

several putative class members, each of whom said they were still employed with the defendant and thus would not serve as a named plaintiff. *Id.* at 457 (¶¶ 2, 4). Because those statements were offered for the truth of the matters asserted – *i.e.*, that the putative class members were still employed with the defendant – the court struck them as hearsay. *See id.* at 458-59.

Likewise, in this case, the Snodgrass Declaration has been submitted expressly to provide the basis for Plaintiff's evidentiary showing as to numerosity and superiority for her class certification motion. Ex. 1 at ¶¶ 4, 9; *see also* Pl. Mem. at 9-10, 15-16, 20. The Declaration thus is classic, inadmissible hearsay – Mr. Snodgrass provides claim counts, averages, and percentages computed and communicated to him by the Staff Person, and offers them for their truth – *i.e.*, to prove that Plaintiff's asserted class *in fact* contains a certain number of putative class members whose claims *in fact* share certain characteristics. Such evidence is plainly inadmissible under Federal Rule of Evidence Rule 802. *See* Fed. R. Evid. 802; Fed. R. Evid. 801(c).

## II.     THE SNODGRASS DECLARATION SHOULD BE STRICKEN AS UNTIMELY.

This Court has broad discretionary power to enforce its Case Management Order. *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *accord Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). That includes the power to enforce deadlines. Fed. R. Civ. P. 16(f). Here, such enforcement is necessary, for State Farm is unable to verify the accuracy of the statements in the Snodgrass Declaration, and Plaintiff's late provision of the Declaration deprived State Farm of a fair opportunity to do so.[4]

---

[4] Similar to Rule 16(f), Rule 37 of the Federal Rules of Civil Procedure gives the Court "broad discretion" to impose sanctions for a party's failure to comply with the disclosure requirements under Rule 26(a) and Rule 26(e). Fed. R. Civ. P. 37(c)(1); *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 664-65 (5th Cir. 1981). If a party "fails to provide information or identify a witness as required" under these rules, the sanction under Rule 37 is automatic: the party "*is not allowed to use that information or witness to supply evidence on a motion*, at a hearing, or

A. **The Statements in the Declaration Cannot Be Verified.**

The Snodgrass Declaration states that Mr. Snodgrass instructed the Staff Person to apply "simple data sorting" to the Data Report, and to use that technique to identify and count particular groupings of potential class members according to purportedly shared characteristics. *See* Ex. 1 at ¶ 2. Review of the Report, however, strongly suggests that more than "simple sorting" had to be done to generate the counts set out in the Snodgrass Declaration.

For example, the very first "sort" Mr. Snodgrass references (purportedly to establish numerosity) involved the exclusion of claims in the report where the first claim payment was issued before the start of the asserted class period. *See id.* at ¶ 2. ███████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████ Thus, a claim may have payments that were issued before Plaintiff's date cut-off *and* payments issued after that date. How did the Staff Person control for and address that? The Snodgrass Declaration does not say, and no documentation showing the results of the reported "sorting" and exclusion has been provided.

The same issue arises with Mr. Snodgrass' reference to the identification of claims where only a single payment was issued. *See* Ex. 1 at ¶ 3. Again, such a sort could only have been performed ████████████████████████████████████████████████████████ ████████████████████████████████

---

at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

████████████████████████████  ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████. *See* Ex. 6 at 3. How, then, did the Staff Person identify single payment claims after sorting for them? The Snodgrass Declaration again is silent, and no documentation showing the results of the reported "sorting" and exclusion process has been provided.[5]

The averages set out in the Snodgrass Declaration to demonstrate that the putative class claims are "negative value" claims (Ex. 1 at ¶¶ 5-9) are similarly unverifiable. The Snodgrass Declaration states that "sorting" was used to perform these calculations, but no relevant sorting is identified, and the Declaration does not disclose the figures that were used by the Staff Person to calculate the average "net actual cash value payments," the average "recoverable depreciation," or the "average material depreciation" figures that are reported in the Declaration. Did the Staff Person simply add all values in the Report and divide that sum by the number of lines in the Report? If he did, the figures are useless, for they would include data for claims that are excluded from the class.[6] If the Staff Person instead based his calculations on just a subset of claims from the Report, it is impossible to verify either the propriety of that claim subset or to verify the accuracy of the Staff Person's calculations, for again, no datasets have been provided.

---

[5] The Declaration is further silent as to how, if at all, the Staff Person sorted the data to exclude claims "for which the applicable limits of insurance have been exhausted," a further criterion in Plaintiff's asserted class definition. Pl. Mot. at 1.

[6] For example, the Report includes claims that had Endorsement FE-3650 in force on the date of loss, claims where the insured's policy limit was paid, and claims where the first payment was made before June 23, 2014. *See* Ex. 6; Ex. 2 at 5-6 (describing the broad data request made to Xactware to identify claims included on the Data Report).

Had Plaintiff disclosed Mr. Snodgrass and/or his Staff Person as persons with knowledge or at least produced the Snodgrass Declaration before the close of class certification-related discovery, State Farm would have taken steps to verify the information provided. State Farm would have requested the deposition of the Staff Person, production of that individual's calculations, and production of any reports showing the results of his "sorting." State Farm was deprived of the opportunity to pursue this discovery, however, for the Snodgrass Declaration was withheld from disclosure until well after the time period for class certification discovery had closed.

Courts within the Fifth Circuit and elsewhere routinely have excluded declarations and other testimony where their late disclosure at the class certification stage deprives the opposing party of "any opportunity to conduct discovery as to the basis/substance" of the testimony or to fairly rebut it with additional evidence of its own. *Dockery v. Fischer*, No. 3:13-CV-326-WHB-JCG, 2015 WL 12683196, at *3 (S.D. Miss. June 3, 2015) (granting motion to strike untimely designation of expert's opinion offered in support of motion for class certification); *see also, e.g.*, *McCrary v. Elations Co.*, LLC, No. EDCV 13-00242 JGB OP, 2014 WL 1779243, at *14 n.11 (C.D. Cal. Jan. 13, 2014) (striking declarations produced for the first time as exhibits at class certification because the witnesses were not previously disclosed under Rule 26(a) and the opposing party did not have an opportunity to depose them); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 608 (N.D. Cal. 2010) (excluding declarations filed by plaintiffs at class certification because "defendants have not had the opportunity to depose the declarants"). *See also Robertson v. Home Depot, Inc.*, No. CV-14-806-JWD-EWD, 2017 WL 870401, at *9-13 (M.D. La. Mar. 3, 2017) (striking recorded statements produced by plaintiff for the first time as exhibits at summary judgment, after the court-established deadline for discovery, because (i) the

witnesses were not previously disclosed under Rule 26(a) or in response to defendant's discovery requests, (ii) defendant was "ambushed" and "did not have an opportunity to depose the witnesses" before filing its reply brief, and (iii) the witnesses were (per plaintiff) "determinative" of important issues in the case).

Like the defendant in *Robertson v. Home Depot*, State Farm has been denied a fair opportunity to test the Snodgrass Declaration due to its untimely production. 2017 WL 870401, at *10. Accordingly, the Court should exercise its broad discretion under Rule 16(f) (or Rule 37(c)(1)) and strike the Snodgrass Declaration from the record.

### B. There is No Justification for the Late Disclosure of the Snodgrass Declaration.

In the Fifth Circuit, the failure to make timely disclosure of information may be excused as "substantially justified" if a reasonable person would "conclud[e] that disclosure was not required." *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016); *see also* Fed. R. Civ. P. 37(c)(1) advisory committee's notes to 1993 Amendment (noting that exception for "substantial justification" exists to avoid penalizing things such as "the inadvertent omission . . . of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures"). Plaintiff cannot possibly satisfy that test here.[7]

No reasonable person could possibly conclude that the *sole* evidence they intended to offer in satisfaction of a contested issue they had the burden to establish was evidence the party need

---

[7] Notably, it is *Plaintiff's* burden to prove that her failure to disclose the Snodgrass Declaration was "substantially justified." *Robertson*, 2017 WL 870401, at *9; *accord R.C. Olmstead, Inc., v. CU Interface*, LLC, 606 F.3d 262, 272 (6th Cir. 2010); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) (citing *Heidtman v. Cty. of El Paso,* 171 F.3d 1038, 1040 (5th Cir. 1999)).

not timely disclose. Indeed, *voluntary* disclosure of such information is mandated by Rule 26(a). Fed. R. Civ. P. 26(a)(2). Plaintiff's Rule 26(a) disclosures were updated just two weeks before the close of the period for class certification-related discovery. *See* Ex. 10. Yet no mention was made of Mr. Snodgrass' Declaration and the document itself was not produced. Similarly, though Plaintiff updated her responses to State Farm's discovery requests calling for Plaintiff's evidence of superiority in May 2018 (*see* Plaintiff's Supplemental Response to State Farm's Request for Production No. 17 (Exhibit 11)), she did not disclose the Snodgrass Declaration.

Plaintiff plainly had ample time to prepare and produce the Snodgrass Declaration. State Farm produced the Data Report used as the basis for the Snodgrass Declaration on March 29, 2018. Exs. 4-5. And State Farm had produced a substantially similar version the Data Report even earlier – on January 17, 2018. *See* Ex. 2 at 5-6; Ex. 3. If the Snodgrass Declaration is taken at face value, the "simple sorting" exercises contained in it could have been completed at any point during the months-long timespan that the Reports were in Mr. Snodgrass' possession. Moreover, Plaintiff's counsel was well aware of the discovery cut-off set by the Case Management Order (as amended).[8] The untimely production of the Declaration by itself is a sufficient basis to strike it. *See* Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment (noting that the "automatic sanction" in 37(c)(1) was added to provide "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence . . . on a motion, such as one under Rule 56").[9]

---

[8] In fact, Plaintiff filed or joined in three motions to amend the case schedule – including a motion she filed to set the close of class certification-related discovery as July 2. *See* [84, 103, 107].

[9] In addition to considering any justification for the delay in disclosing the evidence in question and any prejudice to the defendant, some courts under Rule 37 also consider whether the prejudice could be cured by a continuance. *Barrett*, 95 F.3d at 381. However, as the Fifth Circuit recognized in *Barrett*, a continuance is not a solution where – as in this case – it will result in "additional delay" and "unnecessarily increase[] the expense of defending the lawsuit." *Id.* at 381.

## **CONCLUSION**

For all of the foregoing reasons, State Farm respectfully requests that the Court strike the Snodgrass Declaration from the record evidence to be considered on Plaintiff's Motion for Class Certification.

Dated: August 22, 2018

Respectfully submitted,

/s/ *Heidi Dalenberg*

H. Scot Spragins
HICKMAN GOZA & SPRAGINS, PLLC
1305 Madison Ave.
Oxford, MS 38655
Tel. 662-234-4000
Fax. 662-234-2000
Email: sspragins@hickmanlaw.com

Joseph A. Cancila, Jr.*
Heidi Dalenberg*
Jacob L. Kahn*
Mariangela M. Seale*
Tal C. Chaiken*
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
Email: jcancila@rshc-law.com
  hdalenberg@rshc-law.com
  jkahn@rshc-law.com
  mseale@rshc-law.com
  tchaiken@rshc-law.com
* Admitted *pro hac vice*

*Attorneys for Defendant State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

This 22nd day of August 2018.

                */s/ Heidi Dalenberg*