**[REDACTED]**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

---

LORINE MITCHELL,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

Civil Action No. 3:17-cv-00170-MPM-RP

---

**PLAINTIFF'S REBUTTAL MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF A MONETARY DAMAGES CLASS, OR IN THE ALTERNATIVE, AN ISSUES CLASS**

---

**TABLE OF CONTENTS**

I. THE CLASS IS ASCERTAINABLE BECAUSE THE DEFINITION IS OBJECTIVE ....... 1

II. LABOR DEPRECIATION IS THE SINGLE PREDOMINATING ISSUE .......................... 3

    A. The Predominating Issue Is A Question Of Law Not Individualized Fact ........................ 3

    B. Mitchell's Claims Are Not Based Upon "Reasonableness" ............................................... 4

    C. The Measure Of Damages Dispute Does Not Destroy Predominance ............................. 6

    D. Ruling In Favor Of Mitchell Will Not Destroy Predominance .......................................... 7

III. THE NEGATIVE VALUE CLAIMS SATISFY SUPERIORITY ........................................ 8

IV. STATE FARM'S PROPERTY FORMS DO NOT MATERIALY DIFFER ....................... 10

V. MITCHELL HAS STANDING TO ASSERT ALL CLAIMS ............................................ 11

VI. CERTIFICATION OF AN ISSUES CLASS REMAINS APPROPRIATE ......................... 11

# **TABLE OF AUTHORITIES**

Cases

*Barfield v. Sho-Me Power Elec. Co-Op*, No. 11-4321, 2013 WL 3872181 (W.D. Mo. 2013) ...1, 2
    *aff'd*, 852 F.3d 795 (8th Cir. 2017)..................................................................................2

*Bellefonte Ins. Co. v. Griffen,* 358 So.2d 387 (Miss. 1978).........................................................1, 11

*Bradfield v. Schwartz*, 936 So.2d 931 (Miss. 2006) ....................................................................12

*Brand v. Nat'l Bank of Commerce*, 213 F.3d 636 (5th Cir. 2000).................................................12

*Bustillos v. Board of County Commissioners*, 310 F.R.D. 631 (D.N.M. 2015)..........................6, 9

*Dennington v. State Farm Fire & Cas. Co.,* No. 4:14-04001 (W.D. Ark. Aug. 24, 2016) .........3, 5
    *appeal pending,* No. 16-3784 (8th Cir.)...........................................................................3

*Farmers Union Mut. Ins. Co. v. Robertson,* 370 S.W.3d 179 (Ark. 2010)......................................3

*Favreau v. U.S.*, 48 Fed. Cl. 774, 779 (2000).................................................................................8

*Frey v. First Nat. Bank SW*, 602 Fed. Appx. 164 (5th Cir. 2015) ...................................................3

*Ghoman v. New Hampshire Ins. Co.,* 159 F. Supp. 2d (N.D. Tex. 2001) .......................................7

*Green v. Am. Modern Home Ins. Co.,* No. 4:14-04074 (W.D. Ark. Aug. 24, 2016)...................3, 5

*Hartley v. Freese and Goss, PLLC*, No. 14-600, 2015 WL 13333625
    (S.D. Miss. Sept. 1, 2015)................................................................................................12

*In re Catfish Antitrust Litig.*, 826 F. Supp. 1019 (N.D. Miss. 1993) ..............................................7

*In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014) ......................................................2, 7, 10

*In re Kosmos Energy*, 299 F.R.D. 133 (N.D. Tex. 2014) ...............................................................5

*In re South Central States Bakery*, 86 F.R.D. 407 (M.D. La. 1980)..........................................9, 10

*Jenkins v. Raymark Indus.*, 782 F.2d 468 (5th Cir. 1986) ............................................................12

*Johnson v. Hartford Cas. Ins. Co.,* No. 15-04138, 2017 WL 2224828
    (N.D. Cal. May 22, 2017) ............................................................................................3, 7

*Johnson v. Kansas City S. Rwy. Co.*, 208 Fed. Appx. 292 (5th Cir. 2006)..................................1, 2

*Karhu v. Vital Pharm., Inc.*, 621 Fed. Appx. 945 (11th Cir. 2015)..................................................1

*Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004) ..................................................................8

*Kleen Products LLC v. Int'l Paper Co.,* 831 F.3d 919 (7th Cir. 2016) ......................................3, 9

*LaBrier v. State Farm Fire & Cas. Co.,* 315 F.R.D. 503 (W.D. Mo. 2016)..............................3, 5
    *rev'd on other grounds*, 872 F.3d 567 (8th Cir. 2017) ............................................................3

*Lafollette v. Liberty Mut. Fire Ins. Co.,* No. 14-4147, 2017 WL 1026424
    (W.D. Mo. Mar. 16, 2017)......................................................................................................6

*Leyva v. Medline Indus., Inc.*, 716 F.3d 510 (9thh Cir. 2012) .............................................................8

*Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405 (6th Cir. 2018)................................11

*Mays v. Nat'l Bank of Commerce*, 1998 U.S. Dist. Lexis 20698 (N.D. Miss. 1998) ......................7

*McCain v. Baldwin Mut. Ins. Co.*, No. 2010-901266 (Montgomery Cty., Ala., Oct. 18, 2016) .....3
    *rev'd due to inadequacy of representative*, -- So.3d --, 2018 WL 1443878 (Ala. 2018).......3

*McKeage v. TMBC, LLC*, 847 F.3d 992 (8th Cir. 2017)..............................................................2, 3

*McLaughlin v. Fire Ins. Exchange,* No. 1316-CV11140 (Jackson Cty., Mo. July 12, 2017)......3, 4

*New Hopewell Apart. Homes, LP v. State Farm Fire & Cas. Co.*, No. 3:17-332 , Order
    (N.D. Miss. 2017) ..................................................................................................................4

*Parkway Assocs., LLC v. Harleysville Mut. Ins. Co.,* 129 Fed. Appx. 955 (6th Cir. 2005) ............6

*Riggins v. Am. Family Mut. Ins. Co.*, 217 F. Supp. 3d 1017 (W.D. Mo. 2016)...............................7

*Robertson v. Monsanto Co.*, 287 Fed.Appx. 354 (5th Cir. 2008)................................................7, 8

*Rojas-Gutierrez v. Hoy*, 161 F. Supp. 448 (S.D. Cal. 1958)............................................................4

*Salesin v. State Farm Fire & Cas. Co.*, 581 N.W.2d 781 (Mich. App. 1998)................................7

*State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684 (5th Cir. 2014) .............4

*Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67 (E.D.N.Y. 2004) .................................2, 10

*Titan Exteriors, Inc. v. Certain Underwriters at Lloyds*, 297 F.Supp.3d 628
    (N.D. Miss. 2018) .........................................................................................................1, 4, 11

*Tritschler v. Allstate Ins. Co.*, 144 P.3d 519 (Ariz. App. 2006) ......................................................7

*Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597 (E.D. La. 2006) ...............................................10

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016) ............................................................2

*Walls v. Sagamore Ins. Co.*, 274 F.R.D. 243 (W.D. Ark. 2011)....................................................12

*Walton v. Franklin Collection Agency, Inc.*, 190 F.R.D. 404 (N.D. Miss. 2000)..........................7, 8

*Wells v. Person-to-Person Citicorp.*, 7 B.R. 875 (D. Colo. 1980) ...................................................4

Statutes and Codes

Fed. R. Civ. P. 23(b)(3)..................................................................................................................12

Fed. R. Civ. P. 23(c)(4)..................................................................................................................11

Miss. Code Ann. §11-1-65(c) and (d)............................................................................................12

Miss. R. Civ. P. 57(b)(1)(2) ...........................................................................................................11

Other Authorities

1 NEWBERG ON CLASS ACTIONS 5th Ed. § 3:3 (Dec. 2017 Supp.) ......................................................1

7AA FED. PRAC. & PROC. CIV. § 1790 (3d ed. updated Sept. 2018) .............................................12

NEWBERG § 3:43..............................................................................................................................11

NEWBERG § 4:51.............................................................................................................................3, 8

NEWBERG §§ 4:58-4:60....................................................................................................................9

NEWBERG § 4:72................................................................................................................................9

NEWBERG § 4:74................................................................................................................................9

NEWBERG § 4:80..............................................................................................................................10

NEWBERG § 4:86................................................................................................................................9

Chip Merlin, *Few Judges and Ins. Regulators Worked in Prop. Claims*, PROP. INS. COV.
    LAW BLOG (August, 2017) (Ex. A) .......................................................................................1

Don Wood and John Wood, *Ins. Recovery After Hurricane Sandy: Correcting the Improper
    Depreciation of Intangibles,* 42 TORTS, INS. & COMP. L.J. (Winter 2013) .............................1

Elizabeth Chamblee Burch, *Constructing Issue Classes,* 101 VA. L. REV. 1855 (2015) ..............12

Jeffrey Jackson*,* MISS. INS. LAW & PRAC. § 13:21 (2009)..............................................................11

Johnny Parker, *Understanding the Insurance Policy Appraisal Clause*,
    37 U. TOL. L. REV. 931 (2006)................................................................................................4

Patricia Bronte, *"Carving at the Joint"*, 62 DEPAUL L. REV. 745 (Spring 2013) .........................11

The Mississippi Insurance Commissioner [17-2],[1] reported decisions[2] and historical industry practice[3] clearly establish that withholding labor depreciation is improper. State Farm's Response essentially rests on ascertainability and predominance. The record evidence proves State Farm's electronic files will allow it to easily ascertain class members, and the predominating question of law is the propriety of labor depreciation. Certification is appropriate.[4]

I. **THE CLASS IS ASCERTAINABLE BECAUSE THE DEFINITION IS OBJECTIVE**

In response to Mitchell's unrebutted proof, State Farm concedes that the class definition is objective. SF Br. at 16; [119] at ¶3 ("objective information exists to ascertain whether someone falls within the defined group"). State Farm's concession ends the ascertainment analysis. 1 NEWBERG ON CLASS ACTIONS 5th Ed. § 3:3 (Dec. 2017 Supp.) ("All [circuit] courts essentially focus on the question of whether the class can be ascertained by objective criteria."); *Karhu v. Vital Pharm., Inc.*, 621 Fed. Appx. 945, 952 (11th Cir. 2015) ("courts essentially focus on the question of whether the class can be ascertained by objective criteria").

Nevertheless, State Farm argues against ascertainability based upon *Johnson v. Kansas City S. Rwy. Co.*, 208 Fed. Appx. 292, at *3 (5th Cir. 2006). In *Johnson*, a right-of-way fiber optics class was not certified by the Fifth Circuit due to differing language within every putative class member's property conveyance, thereby defeating typicality (not ascertainability). *Id.* But unlike

---

[1] In this brief, "[##]" refers to the filing number for record citations.
[2] *Bellefonte Ins. Co. v. Griffen*, 358 So.2d 387 (Miss. 1978); *Titan Exteriors, Inc. v. Certain Underwriters at Lloyds*, 297 F.Supp.3d 628, 634 (N.D. Miss. 2018).
[3] Chip Merlin, *Few Judges and Ins. Regulators Worked in Prop. Claims*, PROP. INS. COV. LAW BLOG (August, 2017) (Ex. A) (addressing the industry position concerning labor depreciation as expressed by the FIRE, CASUALTY & SURETY BULLETIN SERVICE); Don Wood and John Wood, *Ins. Recovery After Hurricane Sandy: Correcting the Improper Depreciation of Intangibles,* 42 TORTS, INS. & COMP. L.J. AT 23 (Winter 2013) ("[D]epreciation should be applied only to physical items. This is the historic and usual use of depreciation in the insurance industry.") [17-2].
[4] Copies of all cited unpublished cases and orders are attached as Exhibit D to this Rebuttal Memorandum.

1

*Johnson*, this lawsuit involves standard form insurance policies. *See Barfield v. Sho-Me Power Elec. Co-Op*, No. 11-4321, 2013 WL 3872181, at *7-8 (W.D. Mo. 2013) (distinguishing *Johnson* where conveyances "fairly uniform"), *aff'd*, 852 F.3d 795 (8th Cir. 2017).

In contrast to *Johnson*, insurance form disputes have been described as "the classic case for treatment as a class action." *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 74 (E.D.N.Y. 2004) (certification of nationwide policyholder class involving 3.8 million deficient actual cash value claim payments); *McKeage v. TMBC, LLC*, 847 F.3d 992, 999 (8th Cir. 2017). *Johnson* has no persuasive application here.

State Farm next maintains that the class is not ascertainable because the putative class may include uninjured individuals. SF Br. at 16. This argument assumes State Farm succeeds on its argument concerning the proper measure of damages, discussed below in Section II(C).

But State Farm's no-injury argument fails on its own, because certified classes often include uninjured class members that are not identified until later proceedings. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1050 (2016); *In re Deepwater Horizon*, 739 F.3d 790, 806 (5th Cir. 2014) ("class certification is not precluded simply because a class may include persons who have not been injured"). *Bouaphakeo* and *Deepwater* both held that it is perfectly appropriate for the district court to resolve no-injury issues after class certification. *Id*.

State Farm finally argues that the class cannot be ascertained because certain data is not in State Farm's possession, again based upon State Farm's disputed measure of damages arguments. However, Mitchell has provided her expert, Toby Johnson's, detailed analysis proving State Farm possesses all of the relevant data for purposes of ascertaining each and every class member within the proposed definition. [119] at ¶¶ 3, 25-28 (█████████████████████████

████████████████████████████████████████████████████████████████████████████

2

▮). Significantly, State Farm did not move to strike Johnson's report.[5] Johnson's unchallenged methodology to ascertain class members is far less burdensome than ascertainment methods in other certified classes. *McKeage*, 847 F.3d at 999 ("district court adopted an intensive file-by-file review" to ascertain nationwide class).

But even if some data needed to ascertain the class was in the possession of class members (which is not true according to Mitchell's unchallenged expert report), State Farm's legal argument still fails. Objective information to ascertain a class can be in the possession of class members. *See Frey v. First Nat. Bank SW*, 602 Fed. Appx. 164, 168 (5th Cir. 2015) ("inquiries with banks or individual class members" can be used to ascertain the class).

## II. LABOR DEPRECIATION IS THE SINGLE PREDOMINATING ISSUE

### A. *The Predominating Issue Is A Question Of Law Not Individualized Fact*

Whether labor is depreciable is the single predominating question. NEWBERG at § 4:51 ("A single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions."). This obvious fact is supported by a spate of labor depreciation decisions.[6] State Farm's 35-page brief cannot change this fact.

---

[5] *Kleen Products LLC v. Int'l Paper Co.*, 831 F.3d 919, 922 (7th Cir. 2016) ("where there is no *Daubert* challenge, district court may rely upon expert evidence for class certification").

[6] *See Johnson v. Hartford Cas. Ins. Co.*, No. 15-04138, 2017 WL 2224828 (N.D. Cal. May 22, 2017) (finding common questions predominate as "Johnson's claims revolve around … unlawfully depreciating the value of certain 'permanent' items"); *LaBrier v. State Farm Fire & Cas. Co.*, 315 F.R.D. 503 (W.D. Mo. 2016) ("the breach of contract claim is susceptible to class adjudication because it is based on the predominant, common question of whether State Farm—under the form contract language and pursuant to its common practice—may withhold labor depreciation from ACV payments"), *rev'd on other grounds*, 872 F.3d 567 (8th Cir. 2017); *Dennington v. State Farm Fire & Cas. Co.*, No. 4:14-04001 (W.D. Ark. Aug. 24, 2016) (predominance because "Plaintiffs' breach of contract theory is that the position they would have been in had the contract not been breached includes an additional amount representing labor depreciation"), *appeal pending* No. 16-3784 (8th Cir.); *Green v. Am. Modern Home Ins. Co.*, No. 4:14-04074 (W.D. Ark. Aug. 24, 2016) ("Whether American Modern's depreciation of labor under that contractual language is the same question for each policy and will require the same proof."); *McCain v. Baldwin Mut. Ins. Co.*, No. 2010-901266 (Montgomery Cty., Ala., Oct. 18, 2016) ("by far the common issues predominate over any of these individual issues"), *rev'd due to inadequacy of representative*, -- So.3d --, 2018 WL 1443878 (Ala. 2018); *Farmers Union Mut. Ins. Co. v. Robertson*, 370 S.W.3d 179 (Ark. 2010) ("whether Appellant was

State Farm suggests that predominance may be lacking because the propriety of labor depreciation may be a question of fact. SF Br. at 24 (citing *In re State Farm*, 872 F.3d at 576-770). However, Judge Davidson determined in *Titan Exteriors* that the propriety of labor depreciation presents a question of law. 297 F. Supp. 3d at 631. This Court should not overrule Judge Davidson. "It is a venerable rule of Federal District Courts that 'the various judges who sit in the same court should not attempt to overrule the decisions of each other...' *Wells v. Person-to-Person Citicorp.*, 7 B.R. 875, 875 (D. Colo. 1980); *Rojas-Gutierrez v. Hoy*, 161 F. Supp. 448, 450-51 (S.D. Cal. 1958) ("Unless a judge can say that he thinks a decision of a colleague is on the face of it patently erroneous, he should follow it.").

Moreover, State Farm will not appraise policy interpretation disputes in Mississippi. *See* Ex. B at 15 ("appraisement … only determines the amount of *an acknowledged liability* which has not been agreed upon" (emphasis added; citation omitted)). State Farm refuses appraisal because only a court decides coverage issues, and a lay[7] property insurance appraiser should not be called upon to interpret judicial precedent. *E.g., State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 688 (5th Cir. 2014) ("Under Mississippi law, construction of an insurance policy presents a question of law."); *Titan Exteriors*, 297 F.Supp.3d at 631; Order at 4, *New Hopewell Apart. Homes, LP v. State Farm Fire & Cas. Co.*, No. 3:17-332 (N.D. Miss. 2017) ("the purpose of appraisal is not to determine … coverage under an insurance policy").

### B. Mitchell's Claims Are Not Based Upon "Reasonableness"

---

able to depreciate labor pursuant to the contractual terms of its policies would be the same and require the same proof"); *McLaughlin v. Fire Ins. Exchange*, No. 1316-CV11140 (Jackson Cty., Mo. July 12, 2017) ("The legal issue of whether Defendant could lawfully depreciate labor costs predominates…."). [115-11].
[7] "Appraisal awards are most often made by individuals who are not learned in the law..." Johnny Parker, *Understanding the Insurance Policy Appraisal Clause*, 37 U. TOL. L. REV. 931, 949 (2006).

4

State Farm argues that Mitchell contests the "reasonableness" of its claims payment such that predominance is lacking. SF Br. at 19-21. State Farm's argument fails for three reasons. First, in contrast to the decisions cited by State Farm, Mitchell only wants State Farm to pay *what State Farm has already calculated* as the amount of labor withheld, not what is "reasonable." The Mississippi DOI requires a property insurance company to communicate this amount to a policyholder. [17-2] (if "labor depreciation is applied, the insurer should clearly set out any such depreciation"). Mitchell seeks this amount, as previously determined by State Farm, not something "reasonable."

Second, three federal decisions have rejected State Farm's "reasonableness" argument in labor depreciation class certification decisions. *Dennington*, No. 4:14-04001 at 10 (at [115-11] at 11) ("The Court finds that the record in this case evidences neither a fact-intensive 'reasonableness' analysis nor an improper individualized inquiry."); *Green*, No. 4:14-04074 at 15 (at [115-11] at 40) ("a separate, fact-intensive question of reasonableness, which would have required a specific determination in every individual claim, is not at issue here"); *LaBrier*, 315 F.R.D. at 521 ("the cases State Farm cites where courts found predominance lacking, involved … reasonableness or other subjective standard, in contrast to the objective standard at issue here").

Finally, to the extent State Farm implies without proof that its own adjusters made widespread claims handling errors that State Farm has never seen fit to correct, this argument should be rejected. *Dennington*, No. 4:14-04001 at 10 (at [115-11] at 11) ("to the extent that State Farm argues that the accuracy and individual judgment of its own adjusters was incorrect [this] will not prevent class certification."); *In re Kosmos Energy*, 299 F.R.D. 133, 152 (N.D. Tex. 2014) ("courts have been reluctant to deny certification based on the availability of affirmative defenses where the evidence otherwise demonstrates predominance").

As one federal court recently explained:

> For example, *if a defendant is sued in a breach-of-contract class action in which 1,000 class members allege that the defendant was not properly performing a term in an identical form contract executed between the defendant and every class member, the defendant might wish to … inject individual issues into the case by asserting affirmative defenses*—such as that certain class members waived performance of the disputed term. *The defendant would be free to pursue these strategies, but, just as it would in 1,000 individual suits, it must discover and present proof against each individual class member to whom these theories apply...* In short, the issues that most cut against a finding of predominance are those individual questions that would ordinarily be the plaintiff's burden to answer at trial...

*Bustillos v. Board of County Commissioners*, 310 F.R.D. 631, 661 (D.N.M. 2015) (emphasis added). For these reasons, State Farm's "reasonableness" argument fails.

### C. The Measure Of Damages Dispute Does Not Destroy Predominance

If she prevails on the predominating question, Mitchell contends that the proper measure of compensatory damages is what she "should have been paid"—*i.e.*, the difference between what State Farm actually paid for actual cash value and what it would have paid but for its unlawful depreciation. However, for policyholders who made repairs, State Farm and its experts argue that the amount of damages is not what "should have been paid," but what should have been paid *only if* that amount is greater than the amount that the policyholder eventually, "actually spent" on repairs. State Farm then argues that predominance is not satisfied for the portion of the class that made repairs because there can be no common proof "to establish what repairs each insured completed." SF Br. at 19.

There are at least three reasons why the parties' dispute concerning the measure of damages does not destroy predominance. First, State Farm's "actually spent" theory has been rejected by each and every state and federal court to consider the question.[8] These decisions uniformly

---

[8] *E.g., Parkway Assocs., LLC v. Harleysville Mut. Ins. Co.*, 129 Fed. Appx. 955, 962-63 (6th Cir. 2005) ("actual cash value is not calculated based upon what the insured ultimately pays to repair its property");

mandate a remedy based upon what "should have been paid." In the context of a class certification predominance analysis, one court recently held that the

> The measure of damages is not the difference between the amount of money spent on repairs and what was paid out, but rather *the difference between what Hartford paid out and what it should have paid out if not for its purportedly unlawful practice of depreciation*. As a result, proof of damages is not an individualized question at all…."

*Johnson v. Hartford Cas. Ins. Co.*, No. 15-4138, 2017 WL 2224828, at *15-16 (N.D. Cal. May 22, 2017) (emphasis added) ([115-11] at 54-55).

Second, the parties' dispute concerning the proper measurement of damages is itself a common legal dispute susceptible to class-wide resolution. The addition of common legal disputes strengthens Mitchell's argument for certification.

Finally, a dispute concerning the measure of damages is just that—a dispute over damages. Predominance exists upon common liability questions even when every single class members' damages have to be proven individually. *Deepwate*r, 739 F.3d at 815; *Walton v. Franklin Collection Agency, Inc*., 190 F.R.D. 404, 412 (N.D. Miss. 2000); *Mays v. Nat'l Bank of Commerce*, 1998 U.S. Dist. Lexis 20698, at *28 (N.D. Miss. 1998) ([115-11] at 109); *In re Catfish Antitrust Litig*., 826 F. Supp. 1019, 1043 (N.D. Miss. 1993).

### D. Ruling In Favor Of Mitchell Will Not Destroy Predominance

---

*Lafollette v. Liberty Mut. Fire Ins. Co.*, No. 14-4147, 2017 WL 1026424, at *8-9 (W.D. Mo. Mar. 16, 2017) (rejecting insurer's argument that plaintiffs "cannot establish damages because their ACV payment was allegedly sufficient to cover their repairs"); *Riggins v. Am. Family Mut. Ins. Co.*, 217 F. Supp. 3d 1017, 1022-23 (W.D. Mo. 2016) ("Defendant is required to pay full ACV without depreciating labor costs and regardless of whether the subsequent, actual cost to repair or replace is lower than the ACV payment."); *Ghoman v. New Hampshire Ins. Co.*, 159 F. Supp. 2d at 935 (N.D. Tex. 2001) ("What plaintiff actually spent to repair his property … does not affect his right to recover actual cash value."); *Tritschler v. Allstate Ins. Co.*, 144 P.3d 519, 529 (Ariz. App. 2006); *Salesin v. State Farm Fire & Cas. Co.*, 581 N.W.2d 781, 791 (Mich. App. 1998).

Citing *Robertson v. Monsanto Co.*, 287 Fed.Appx. 354, 362 (5th Cir. 2008), State Farm argues that if this Court preliminarily rules upon the seminal coverage issue as part of State Farm's motion to dismiss, the same issue "cannot properly support a finding of commonality, predominance, or superiority." SF Br. at n.25. However, *Robertson* defined the class to include only individuals "who were already named as plaintiffs" in a pending lawsuit, such that "each and every [proposed] class member" had already prevailed as a named-party litigant. 287 Fed.Appx. at 361-62. *Robertson* does not change the traditional rule that resolved issues can predominate. NEWBERG, § 4:51 ("that an issue is conceded or otherwise resolved does not mean it ceases to be an 'issue' for purposes of the predominance analysis").

### III. THE NEGATIVE VALUE CLAIMS SATISFY SUPERIORITY

State Farm makes three arguments against superiority. State Farm first argues that Mitchell's "negative value suit" proof for the aggregate class (▮ per claim average withholding) is inadmissible, despite conceding the value of Mitchell's individual claim (a typical hail claim) is only $738. [115-8] at ¶9; [128] at 9. Mitchell's proof is fully admissible as set forth in Mitchell's response to State Farm's motion to strike the Snodgrass Declaration.

State Farm does not dispute that these amounts result in negative value suits under federal decisions.[9] Further, this amount must be considered against State Farm's size and litigation posture. *E.g.*, *Klay v. Humana, Inc.*, 382 F.3d 1241, 1271 (11th Cir. 2004) (superiority of suits against "corporate behemoths with a demonstrated willingness and proclivity for … burying their opponents in paperwork.").

---

[9] *Leyva v. Medline Indus., Inc.*, 716 F.3d 510 (9thh Cir. 2012) ($10,000 claim is negative value); *Favreau v. U.S.*, 48 Fed. Cl. 774, 779 (2000) (claims ranging from $300 to $20,000 are negative value); *Walton*, 190 F.R.D. at 412 (claims between $50 and $200 are negative value).

8

State Farm next argues that superiority is not met because policyholders can perhaps recover withheld labor depreciation without litigation through the contractual appraisal process. However, as set forth, *supra*, section II(A), State Farm will not appraise coverage issues because appraisers are *not* permitted to determine coverage for labor depreciation. Further, there is nothing for an appraiser to value—State Farm withheld $738 in labor costs from Mitchell and Mitchell does not dispute that amount. Mitchell simply wants this amount of labor, as already determined by State Farm.

But even if the seminal dispute was not a simple question that only a judge could decide for all (which it is), it would be far superior to resolve the seminal issue in one motion before one judge rather than forcing thousands to pay for expensive appraisal proceedings. NEWBERG § 4:72 (superiority analysis considers wasteful activities generated by procedural alternatives).[10]

Further, the proposed class members are likely unaware about the practice of labor depreciation. The absence of such knowledge strongly favors superiority. *Bustillos*, 310 F.R.D. at 655 ("another factor the court should consider: the likelihood that proposed class members know they have a claim")

State Farm finally raises the issue of manageability, arguing that calculating damages will be difficult. SF Br. at 26. Refusal to certify a class for management reasons is "the exception rather than the rule." *In re South Central States Bakery*, 86 F.R.D. 407, 423 (M.D. La. 1980). If predominance exists, courts will rarely find a class unmanageable, and if so, only in unusually

---

[10] To the extent State Farm suggests that there is any other non-litigation methodology for Mississippi policyholders to obtain withheld labor from actual cash value payments, it fails to explain how this can be accomplished. The Court cannot assume that State Farm will simply voluntarily give up its positions and pay policyholders for withheld labor depreciation. NEWBERG § 4:86 ("The court must inquire into the bona fides of any purported out-of-court remedy, as an illusory promise of private redress obviously will not defeat a request for class certification.").

complex cases involving mass torts, individual reliance from fraud or multi-state choice-of-law situations. NEWBERG § 4:74 at 291 and §§ 4:58-4:60.

The facts necessary to establish State Farm's unmanageability claim simply do not exist. State Farm did not challenge Mitchell's expert on *Daubert* grounds and his opinions should therefore be accepted for class certification. *Kleen Products*, 831 F.3d at 922. Mitchell's expert estimates ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. [119] at ¶¶ 39-44. Federal courts have managed far more complex damage claims,[11] and "[t]he Fifth Circuit has repeatedly upheld the decisions of district courts to bifurcate class action trials into liability and damages phases." *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 606 (E.D. La. 2006); *see also Deepwater*, 739 F.3d at 815-16; *South Central*, 86 F.R.D. at 416-17 (antitrust damages for different categories of purchasers); NEWBERG § 4:80 (explaining various case management techniques for individualized class action damages). State Farm's voluntary refund programs in other states further prove manageability. [120] at 5-6.

**IV. STATE FARM'S PROPERTY FORMS DO NOT MATERIALY DIFFER**

State Farm argues that only a homeowners policy form class can be certified because Mitchell did not place all other Mississippi property forms into the record. SF Br. at 3. State Farm does not point to any material differences in any policies as to the predominating question.

Actual cash value is not defined in any Mississippi property form except FE-3650 which has been excluded from the class. McWherter Decl. ¶ 2 (Ex. C). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* [119-1] at 62:25-63:10,

---

[11]In addition to the spate of labor depreciation certifications, *supra,* note 5, a federal court in New York certified a nationwide class involving millions of policyholders who received allegedly deficient actual cash value payments. *Steinberg*, 224 F.R.D. at 79.

66:3-69:20, 72:24-73:7. Only Form FE-3650 addresses labor depreciation, and that form has been excluded from the class.

The Mississippi DOI has instructed that insurers with property policies (of any kind) that do not address labor depreciation may not withhold the same from actual cash value payments. [17-2]. State Farm's policies are the same for purposes of this litigation. *Steinberg*, 224 F.R.D. at 79-80 (differences in policy language not relevant to deficient actual cash value payments).

## V. MITCHELL HAS STANDING TO ASSERT ALL CLAIMS

State Farm argues Mitchell does not have standing to assert tort claims because State Farm only denied coverage for some labor. SF Br. at 28. However, the class' tort claims will rise or fall together, as State Farm continues to uniformly deny payment for withheld labor. This is true despite: (1) an adverse 1978 ruling from the state supreme court in *Bellafonte*; (2) the 2017 commissioner bulletin [17-2]; and (3) the 2018 ruling in *Titan Exteriors*. *See* Jeffrey Jackson, MISS. INS. LAW & PRAC. § 13:21 (2009).

Mitchell can also pursue damages for class members who may be subject to a different measure of damages, such as those allegedly subject to State Farm's alleged "actual cost or repair" defense (which is disputed as per section II(C) *supra*). Here, State Farm contends anyone like Mitchell who *may choose in the future* to repair their property is subject to its "actual cost or repair" policy interpretation. This plainly provides Mitchell with standing. Miss. R. Civ. P. 57(b)(1)(2) (party can obtain a declaration of future rights under a written contract). Further, any "differences in damages" between class members does not defeat certification. NEWBERG § 3:43 (differences in class members' damages does "not affect the class representative's interest in pursuing relief").

## VI. CERTIFICATION OF AN ISSUES CLASS REMAINS APPROPRIATE

Relying on outdated authority, State Farm argues that the Fifth Circuit rejects Mitchell's proposed standard for Rule 23(c)(4) certification. SF Br. at 29. However, the Sixth Circuit and a consensus of legal commentators have concluded otherwise based upon a careful review of the entire body of Fifth Circuit case law.[12] Even if the Court finds predominance lacking over the entire suit, which it should not, certification of the proposed issues class will at the least aid class members in subsequent individual proceedings. *E.g.*, *Walls v. Sagamore Ins. Co.*, 274 F.R.D. 243, 255 (W.D. Ark. 2011) (favorable class declaratory relief "does not bar subsequent individual damage claims by class members").

## VII. THE CLASS PUNITIVE DAMAGES CLAIM IS READILY CERTIFIABLE

Mitchell's punitive damages claim is certifiable under Rule 23(b)(3) even if not subject to compulsory certification. *Brand v. Nat'l Bank of Commerce*, 213 F.3d 636, *2-3 (5th Cir. 2000) (certification for punitive damages only under Rule 23(b)(3)). State Farm's Seventh Amendment argument misreads Mississippi law, which provides that if a jury returns a verdict for compensatory damages, the trial court will conduct a "hearing to determine whether punitive damages may be considered by the same finder of fact." Miss. Code Ann. §11-1-65(c). State Farm further errs in suggesting that punitive damages awards do not consider harm to the class and are specific to a single plaintiff. *See id.* §11-1-65(d) (requiring consideration of "the amount of harm being caused" and "and any other circumstances"). In fact, punitive damages are not even designed to compensate, but rather to punish and deter. *Id.*; *Hartley v. Freese and Goss, PLLC*, No. 14-600, 2015 WL 13333625, *5-6 (S.D. Miss. Sept. 1, 2015). Punitive claims do not hinge on facts unique

---

[12] *E.g.*, *Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405, 412 (6th Cir. 2018) (subsequent case law from within the Fifth Circuit adverse to the narrow view once held); Patricia Bronte, *"Carving at the Joint"*, 62 DEPAUL L. REV. 745, 745-46 (Spring 2013) (federal circuits are "unanimous" in permitting Rule 23(c)(4) certification in this manner and noting that "[m]ost leading scholars agree" (citing authorities)); *see also* 7AA FED. PRAC. & PROC. CIV. § 1790 (3d ed. updated Sept. 2018); Elizabeth Chamblee Burch, *Constructing Issue Classes*, 101 VA. L. REV. 1855, 1891-92 (2015).

12

to Mitchell or any other class member, but on State Farm's conduct as a whole. *Jenkins v. Raymark Indus.*, 782 F.2d 468, 474 (5th Cir. 1986); *Bradfield v. Schwartz*, 936 So.2d 931, 937 (Miss. 2006) (considering "*aggregate* of [defendant's] conduct" (emphasis added)).

For these reasons, the Court should certify a class as requested by Mitchell.

Dated: September 12, 2018.                    Respectfully submitted,


By: /s/ *David McMullan, Jr.*
David McMullan, Jr. (MSB #8494)
Sterling Starns (MSB #104277)
BARRETT LAW GROUP, P.A.
404 Court Square
P.O. Box 927
Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dmcmullan@barrettlawgroup.com
sstarns@barrettlawgroup.com

T. Joseph Snodgrass (admitted *pro hac*)
LARSON • KING, LLP
30 East Seventh St., Suite 2800
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
jsnodgrass@larsonking.com

J. Brandon McWherter (MSB #105244)
GILBERT MCWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
Tel: (615) 354-1144
Fax: (731) 664-1540
bmcwherter@gilbertfirm.com

***Attorneys for Plaintiff and
Putative Class Representatives***

13

## CERTIFICATE OF SERVICE

      I, David McMullan, Jr., hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated: September 12, 2018.                        /s/ *David McMullan, Jr.*
                                                                        David McMullan, Jr.