IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LORINE MITCHELL**                                                                            **PLAINTIFF**

v.                                                                                                       No.: 3:17cv00170-M

**STATE FARM FIRE AND CASUALTY**                                         **DEFENDANT**
**COMPANY**

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant's *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim* [8]. Plaintiff filed a response in opposition. The Court has reviewed and considered the parties' submissions and is now prepared to rule.

### Factual Background

Plaintiff, Lorine Mitchell, maintains a residence in Waterford, Mississippi. Plaintiff insured the dwelling under a Homeowners Policy provided by Defendant, State Farm Fire and Casualty Company, and paid the requisite annual premiums for the coverage. The policy provides the following provisions for structural damages claims:

**COVERAGE A – DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction.**

    a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in **Declarations**, the damaged part of the property covered under **SECTION 1 – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

    (1) until actual repair or replacement is completed, we will pay out only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

1

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed . . ..

According to Defendant, obtaining benefits under the policy is a "two-step" process. First, Defendant initially pays the actual cash value ("ACV") "up to" and "not to exceed" the insured's coverage limit or the cost to repair. Then, only after repairs have been completed, the insured may request and recover additional funds to cover excess necessary expenses incurred.

In Spring 2017, while insured under the policy, Plaintiff's dwelling suffered storm damage. On or about May 13, 2017, Plaintiff notified Defendant of the loss and made a claim under the policy. Defendant then had an adjuster inspect the property to determine the loss and damages suffered. The adjuster determined that the damage was covered under the policy and prepared an initial estimate for the cost of repair.

On May 24, 2017, Defendant notified Plaintiff that the payment she was receiving was the ACV as calculated by Defendant. ACV, defined in the Building Estimate Summary Guide provided to Plaintiff after a claim, is the "repair or replacement cost of the damaged part of the property less depreciation and deductible." In calculating ACV, the Defendant deducted depreciation from the replacement cost value (RCV). RCV and depreciation are also defined in the Building Estimate Summary Guide. RCV is the "[e]stimated cost to repair or replace damaged property." Depreciation is "[t]he decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence."

Defendant's initial repair cost estimate listed the ACV for Plaintiff's claim as $646.19. This number was derived by taking the RCV, $3,246.42, and subtracting both the estimated depreciation of $1,600.23 and the $1,000 deductible. The estimate lists the inspected areas separately and includes a line item for the estimated RCV; the applied tax; the age, life, and condition of the property; the percentage applied for depreciation; and the ACV.

Plaintiff alleges that Defendant's method of calculating the ACV resulted in payment significantly lower than the amount Plaintiff should have received under the Policy. Plaintiff argues that Defendant, in calculating the ACV, depreciated costs associated with labor when labor is not susceptible to aging, wearing, or tearing. Specifically, certain line items, such as line item 2 (composition shingle roofing), accounted for both labor and materials and then the estimated depreciation percentage was applied to the entire line item. However, other line items that listed pure labor, such as line item 1 (remove shingle roofing), were not subjected to labor cost depreciation. Based on Defendant's practice to depreciate labor costs, Plaintiff contends that her ACV payment was less than the amount she was entitled to receive under the policy.

Plaintiff, in her complaint, alleges that: Defendant breached a contractual duty to pay Plaintiff and members of the proposed class the true ACV of their claims when Defendant depreciated labor costs (Count I); Defendant was negligent and/or grossly negligent when it breached its duty to "fully, fairly, adequately, and correctly investigate and adjust Plaintiff's loss and claims" by conducting unreasonable adjustments, by failing to fully pay the true ACVs of claims, and by arbitrarily interpreting the Policy (Count II); and Defendant's conduct constituted bad faith because Defendant failed to fully inform Plaintiff and members of the proposed class of their rights under the policy, failed to properly adjust, and deprived those insured of the true amounts owed under the policy by depreciating labor costs (Count III). Plaintiff also seeks a

declaratory judgment decreeing that the policy prohibits Defendant from depreciating labor costs when calculating losses (Count IV). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant now moves to dismiss Plaintiff's entire complaint.

**Standard**

Before the Court can grant a motion to dismiss, Defendant must show that Plaintiff has not met the relevant pleading standard to state a claim. Defendant must show that Plaintiff's complaint fails to contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. It is not necessary that a complaint contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir.2011) (quoting *Twombly*, 550 U.S. at 555.

Upon reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit its examination to the complaint, documents attached to the complaint, and documents accompanying the motion to dismiss that reference the complaint. *Lone Star Fund V(US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010). The Court must liberally construe the complaint in the light most favorable to Plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir.2005).

**Discussion**

Defendant, State Farm, moves to dismiss the Plaintiff's complaint in its entirety for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff asserts claims against the Defendant for declaratory judgment and relief; breach of contract; negligence and/or gross negligence; and bad faith. The Court finds that the facts alleged by the Plaintiff in her complaint are sufficient for a reasonable jury to find plausibility in each of her claims.

**1) Plaintiff Has Sufficiently Pled Her Breach of Contract Claim**

Assuming the facts in the complaint as true and construing them in the light most favorable to the plaintiff, the Court finds Plaintiff to have sufficiently pled a breach of contract claim. In a diversity action, a federal district court must apply the substantive law of the forum state. *Mills v. Davis Oil Co.,* 11 F.3d 1298, 1304 (5th Cir. 1994). Under Mississippi law, a breach of contract claim requires a showing of "(1) 'the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it." *Maness v. K & A Enterprises of Mississippi, LLC.* (Miss. 2018) (2018 WL 774010 *8) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So.3d 1221, 1224 (Miss. 2012).

"Mississippi treats insurance policies as contracts, which 'are to be enforced according to their provisions.'" *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC.*, 751 F.3d 684, 688 (5th Cir. 2014) (quoting *Noxubee Cnty. Sch. Dist. V. United Nat'l Ins. Co.*, 883 So.2d 1159, 1166 (Miss. 2004)). A contract "must be interpreted as written" only if it is "clear and unambiguous." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC.*, 751 F.3d 684, 688 (5th Cir. 2014) (quoting *U.S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So.2d 956, 963 (Miss. 2008). Ambiguity exists when the "policy language is susceptible of two or more reasonable interpretations." *Miss. Farm Bureau Cas. Ins. v. Britt*, 826 So.2d 1261, 1265 (Miss. 2002). "Under

Mississippi law, ambiguous and unclear policy language must be resolved in favor of the non-drafting party—the insured." *Noxubee Cty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So.2d 1159, 1165 (Miss. 2004) (citing *Harrison v. Allstate Ins. Co.*, 662 So.2d 1092, 1094 (Miss. 1995)). In reviewing policy terms, the "terms used in the insurance policy should be understood in their plain, ordinary, and popular sense rather than in a philosophical or scientific sense." *Blackledge v. Omega Ins. Co.*, 740 So.2d 295, 298 (Miss. 1999).

"[A] policy should be drafted to accommodate the average person who will give its terms a general reading. An insurance policy should be strictly construed against the insurer, and the insurer has the burden of phrasing the terms in clear language." *Conner v. Am. Pub. Life Ins. Co.*, 448 F.Supp.2d 762, 766 (N.D. Miss. 2006) (quoting *Burton v. Choctaw County*, 730 So.2d 1, 9 (Miss. 1997)). Here, a provision of the policy at issue provides as follows:

> a. Until actual repair or replacement is completed, ***we will pay out only the actual cash value at the time of the loss*** of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

(emphasis added)

Additionally, the Building Estimate Summary Guide, provided to the insured along with his or her loss estimate, defines the following terms:

> 3. Replacement Cost Value (RCV) – Estimated cost to repair or replace damaged property.
>
> 4. Depreciation – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence.
>
> 6. Net Actual Cash Value Payment (ACV) – The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

6

This Court finds that the term "actual cash value" is ambiguous and can be interpreted to either include or exclude labor cost depreciation. Plaintiff argues that the term is ambiguous because Defendant's policy and estimates fail to mention that labor costs are depreciated when calculating ACV. Defendant argues that the policy term is *un*ambiguous because, in Mississippi, "actual cash value" is "generally understood to mean 'replacement cost less depreciation'", and Mississippi has yet to interpret ACV to prohibit labor cost depreciation.

Several courts outside of Mississippi, as referenced within the parties' submissions, have dealt with similar ACV questions. State courts in Minnesota, Oklahoma, Nebraska, and Florida have found that the term "ACV" allows an insurer to depreciate labor costs. *Wilcox v. State Farm Fire & Cas. Co.*, 874 N.W.2d 780 (Minn. 2016); *Redcorn v. State Farm Fire & Cas. Co.*, 55 P.3d 1017, 1021 (Okla. 2002); *Henn v. Am. Family Mut. Ins. Co.*, 894 N.W.2d 179, 190 (Neb. 2017); *Goff v. State Farm Florida Ins. Co.*, 999 So.2d 684, 589 (Fla. Dist. Ct. App. 2008). However, other courts, in the states of Arkansas, Missouri, and Kentucky have found in the opposite. *Adams v. Cameron Mut. Ins. Co.*, No. 2:12-cv-02173-PKH, 2013 WL 1876660 (W.D. Ark. 2013); *Riggins v. Am. Family Mut. Ins. Co.*, 106 F. Supp. 3d 1039 (W.D. Mo. 2015); *Brown v. Travelers Cas. Ins. Co. of Am.*, No. 15-50, 2016 WL 1644342 (E.D. Ky. Apr. 25, 2016). Just last year, a federal court in the Southern District of Alabama found "the Policy's undefined use of [actual cash value] cannot unambiguously provide for labor depreciation." *Arnold v. State Farm Fire & Cas. Co.*, 268 F.Supp.3d 1297, 1306 (S.D. Ala. 2017).

Both interpretations of the meaning of ACV are reasonable. However, if in fact labor costs are non-depreciable then Defendant breached its contract with Plaintiff, and with members of the proposed class, when it depreciated labor costs in calculating ACV. Therefore, the court concludes that, when viewed in the light most favorable to the plaintiff, the facts alleged in the Complaint

7

regarding the breach of contract claim against the defendant are sufficiently pled to survive the Rule 12(b)(6) motion to dismiss.

### 2) Plaintiff Has Sufficiently Pled Her Negligence Claim

In Mississippi, "[t]he elements of a negligence claim are duty, breach of duty, proximate cause, and damages." *Mladineo v.* Schmidt, 52 So.3d 1154, 11162 (Miss. 2010). To prevail in a negligence action, "a plaintiff must first prove the existence of a duty." *Enter. Leasing Co. S. Cent. v. Bardin*, 8 So.3d 866, 868 (Miss. 2009).

In Count II of her complaint, Plaintiff alleges that Defendant had a duty "to fully, fairly, adequately and correctly investigate and adjust Plaintiff's loss and claim." Plaintiff maintains that Defendant breached its duty under the policy by:

    a. . . . failing to conduct a reasonable and lawful adjustment . . .;

    b. . . . refusing to fully pay Plaintiff and the proposed class members' actual cash value . . .;

    c. . . . failing to fully and appropriately pay Plaintiff and the proposed class members for their loss;

    d. . . . arbitrarily depreciating labor . . . when the policy does not allow depreciation of labor;

    e. . . . failing to acknowledge and pay the true actual cash value; and

    f. . . . interpreting the Policy in an arbitrary and capricious manner . . . in an effort to avoid, and intentionally withhold, payment for the full extent of the loss.

This court finds that, under the applicable legal standard, Plaintiff has pled sufficient legal facts for her negligence cause of action to withstand a Rule 12(b)(6) motion to dismiss.

### 3) Plaintiff Has Sufficiently Pled Her Bad Faith Claim

The Mississippi Supreme Court has held that "the plaintiff bears a heavy burden of proving that the denial of an insurance claim was in bad faith." *United Servs. Auto. Ass'n (USSA) v.*

*Lisanby*, 47 So.3d 1172, 1178 (Miss. 2010) (citing *Windmon v. Marshall*, 926 So.2d 867, 872 (Miss. 2006)). In order to succeed on a bad faith claim, "[t]he insured must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *U.S. Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992). Moreover, "[i]f the insurer had an arguable reason to deny coverage, punitive damages are impermissible." *Mitchell v. State Farm Fire and Cas. Co.*, 799 F.Supp.2d 680, 695 (N.D. Miss. 2011) (citing *Pioneer Life Ins. Co. of Ill. v. Moss*, 513 So.2d 927, 929 (Miss. 1987)). "The Mississippi Supreme Court has defined an 'arguable reason' as 'nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to the heightened level of an independent tort.'" *Id.* (quoting *Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092, 1096 (Miss. 1996)).

Construing Count III of Plaintiff's complaint together with attached exhibits and subsequent submissions in response, the Court finds that Plaintiff has sufficiently pled a claim for bad faith breach of her insurance contract against the Defendant. As stated before, "Mississippi treats insurance policies as contracts." *LogistiCare Solutions, LLC.*, 751 F.3d at 688. In her complaint, Plaintiff alleges that Defendant's refusal to pay contractually owed amounts was "arbitrary and capricious." Plaintiff also alleges that Defendant acted with reckless disregard of her rights, and the rights of proposed class members, by: (1) willfully refusing to fully pay the insured and withholding monies and benefits owed under the policy; (2) failing to fully inform the insured of their rights under the policy; (3) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff and the proposed class members' claims when liability and the amount owed was clear; (4) refusing to pay amounts owed and otherwise honor its obligation under the policy; (5) failing to properly adjust the claims and pay the full ACV amounts

owed for the losses; (6) failure to pay amounts due and owing; (7) offering substantially less than the amount actually owed under the policy; and (8) willfully concealing its practice to depreciate labor costs.

In alleging concealment, Plaintiff's complaint contends that Defendant did not disclose its practice to depreciate labor costs in either the policy or the loss estimates. Further, Plaintiff alleges that State Farm chose to group labor and material line items in its estimates when, in fact, the cost estimating system used by Defendant allowed for separate line item charges for each. Plaintiff claims that grouping the two items together, ultimately, makes it difficult for an ordinary person to understand that both labor and material are being depreciated.

After review of Plaintiff's complaint and the parties' subsequent submissions, the court finds that Plaintiff has pled enough facts under its bad faith claim to survive a motion to dismiss for failure to state a claim.

**4) Dismissal of Plaintiff's Claim for Declaratory Relief is Proper**

In Count IV, Plaintiff seeks a declaration that the insurance policy prohibits Defendant from depreciating labor costs in adjusting losses when calculating ACV. Pursuant to the Declaratory Judgment Act, this court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C § 2201. The permissive language of 28 U.S.C § 2201 suggests that the court has discretion in whether to grant or deny declaratory judgment and relief. Here, the court is of the opinion that dismissal of Plaintiff's declaratory judgment claim is proper. Plaintiff sought class certification pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), and (b)(3) or in the alternative (c)(4). This court has determined that the class can be certified pursuant to (b)(3) as the predominate relief sought is money damages. Declaratory relief "does not extend to cases in which the appropriate final relief relates . . . predominantly to money damages".

See Fed. R. Civ. P. 23 (advisory committee notes). Therefore, the court finds that Count IV of Plaintiff's complaint does not survive Defendant's motion to dismiss.

### 5) Dismissal of Plaintiff's Prayer for Injunctive Relief Would Be Improper

Whether a motion to dismiss for failure to state a claim is a proper vehicle by which to dispose of a party's prayer for relief is an issue that has not been fully settled. Many courts, however, opine that an injunction is an available remedy or relief, *not* a free-standing claim or cause of action. *See Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039 (N.D. Cal. 2009) ("Injunctive relief is a remedy which must rely upon underlying claims."); *Henry v. Gerber Prod. Co.*, No. 3:15-CV-02201-HZ, 2016 WL 1589900, at *4 (D. Or. Apr. 18, 2016 ("[A]n injunction is a type of relief, not a separate cause of action."); *Curtis v. Option One Mort. Corp.*, No. 109CV1982AWISMS, 2010 WL 1729770, at *8 (E.D. Cal. Apr. 28, 2010) ("Under Federal law, an injunction is a remedy to another claim or cause of action and not a claim or cause of action in and of itself."). In the present case, Plaintiff, in her complaint, sought an injunction under her Prayer for Relief. This court finds that Plaintiff's prayer for injunctive relief is not a "claim" susceptible to Defendant's Rule 12(b)(6) motion to dismiss.

### 6) Plaintiff's Fraudulent Concealment Allegations Survive The Motion

"[F]raudulent concealment of a cause of action tolls its *statute of limitations*." *Windham v. Latco of Miss., Inc.*, 972 So.2d 608, 614 (Miss. 2008)." (citing *Robinson v. Cobb*, 763 So.2d 883, 887 (Miss. 2000)). To prove fraudulent concealment, "the plaintiff must show (1) an affirmative act or conduct by the defendant done to prevent discovery of a claim; and (2) due diligence by the plaintiff to discover it." *Townes v. Rusty Ellis Builder, Inc.*, 98 So.3d 1046 (Miss. 2012) (citing *Windham*, 972 So.2d at 614). Additionally, "[p]laintiff[ ] [is] required to prove an affirmative act

of fraudulent concealment post–completion of the insurance sales in order to toll the statute of limitations." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th. Cir. 2003).

In construing the allegations in a light most favorable to the Plaintiff, the Court finds that Plaintiff's fraudulent concealment allegations survive the motion to dismiss. Here, Plaintiff's allegations aver that Defendant, State Farm, prevented Plaintiff and other policyholders from "determine[ing] whether labor was being depreciated." Specifically, Plaintiff argues that although Defendant's software easily allows Defendant to use separate line items for each charge and limit depreciation to materials only, Defendant "did its best to make it impossible for an ordinary consumer to know that State Farm depreciated labor" by grouping labor and material in certain lines. This court finds that Plaintiff's fraudulent concealment allegations survive the motion to dismiss.

## Conclusion

Accordingly, Defendant's *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim* [8] is GRANTED IN PART (declaratory relief) and DENIED IN PART.

SO ORDERED, this the 24th day of September, 2018.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE NORTHERN DISTRICT OF MISSISSIPPI**