UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LORINE MITCHELL,

Plaintiff,

v.  Civil Action No. 3:17-cv-00170-MPM-RP

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure, Plaintiff Lorine Mitchell, on behalf of herself and the Class ("Plaintiff") respectfully moves for an order preliminarily approving a settlement agreement in accordance with the terms and conditions set forth in the proposed preliminary approval order, attached as Exhibit 1 to the Settlement Agreement filed concurrently herewith. Defendant State Farm Fire & Casualty Company ("State Farm") will not oppose this motion for approval of a settlement.[1]

In support of their motion, Plaintiff states and shows as follows:

1. Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the

---

[1] Defendant denies liability and absent settlement intends to continue to contest each and every claim and cause of action, including class certification.

court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

2.      Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is the Class Action Settlement Agreement attached hereto as Exhibit A.

3.      Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Fifth Circuit. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n.11 (5th Cir. 2012); *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

4.      As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for preliminary approval. The Settlement Class is defined the same as the previously-certified litigation class in this matter:

> All State Farm homeowners policyholders who made a structural damage claim for property located in the state of Mississippi which resulted in an ACV payment during the Class Period from which Non-Material Depreciation is still being withheld from the policyholder (i.e., has not been paid back as replacement cost benefits). The class includes policyholders that did not receive an ACV payment solely because the withholding caused the loss to drop below the applicable deductible.
>
> The class period only includes policyholders that received their first claim payment (or would have received their first claim payment) on or after June 23, 2014.
>
> The class excludes all claims arising under policies with State Farm endorsement Form FE-3650 or any other policy form expressly permitting the "depreciation" of "labor" within the text of the policy form. The class also excludes any claims for which the applicable limits of insurance have been exhausted. Finally, the Class excludes members of the judiciary and their staff to whom this action is assigned; State Farm and its affiliates, officers and directors; and Plaintiff's counsel.

5. In summary, the Settlement provides class members who make a claim 100% of their still withheld non-material depreciation plus 6.5% prejudgment interest from the commencement of this lawsuit. Attorneys' fees, costs, class notice and claims administration will not reduce the amount of any class member's recovery.

6. The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit. All unreleased disputes will continue to be handled by Defendant in the ordinary course.

7. The settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and accompany Declarations of Class Counsel, Plaintiff respectfully moves for an order consistent with the proposed preliminary approval order attached as Exhibit 1 to the Settlement Agreement, filed concurrently herewith.

Respectfully submitted,

*/s/ J. Brandon McWherter*
J. Brandon McWherter (MSB #105244)
MCWHERTER SCOTT BOBBITT
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
Tel: (615) 354-1144
Fax: (731) 664-1540
brandon@msblaw.com

David McMullan, Jr. (MSB #8494)
Sterling Starns (MSB #104277)
BARRETT LAW GROUP, P.A.
404 Court Square N P.O. Box 927
Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dmcmullan@barrettlawgroup.com
sstarns@barrettlawgroup.com

T. Joseph Snodgrass (admitted *pro hac vice*)
LARSON • KING, LLP
30 East Seventh St., Suite 2800
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
jsnodgrass@larsonking.com

*Counsel for Plaintiff and Class Representatives*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record. This 21st day of August 2020.

*s/ J. Brandon McWherter*
