IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LORINE MITCHELL                                                      PLAINTIFF

vs.                                              CAUSE NO. 3:17-CV-00170-MPM-RP

STATE FARM FIRE AND CASUALTY COMPANY                                 DEFENDANT

---

## FINAL ORDER AND JUDGMENT

---

Before the Court is Plaintiff's Motion for Final Approval of Class Settlement. (Doc. No. 240). Also before the Court is Plaintiff's Motion for Service Award to Class Representative and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel (Doc No. 242), and State Farm Fire and Casualty Company's Separate Submission in Support of Final Approval of Class Action Settlement (Doc. No. 245). Plaintiff Lorine Mitchell ("Representative Plaintiff" or "Plaintiff"), individually and on behalf of herself and the Settlement Class as defined herein, and Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"), have agreed, subject to Court approval, to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation" or the "Settlement") filed with the Court on August 21, 2020. (Doc. No. 230-1).

On September 10, 2020, the Court granted preliminary approval of the Agreement pursuant to Rule 23(e)(1)(B). (Doc. No. 234). Class Notice was issued in accordance with the preliminary approval order, and on February 25, 2021, the Court held a final approval hearing on the motions.

At the final approval hearing and thereafter, the Court considered all of the Rule 23(e)(2) factors applicable to the potential approval of the Settlement. The Court independently evaluated the Court record, the Settlement, Plaintiff's Motions, and the responses and lack of responses to the class notice by the class members. The Court finds and holds as follows:

1

## I.    **FINDINGS OF FACT**

1.    Plaintiff Lorine Mitchell brought this class action on behalf of a class of State Farm insureds with structural loss claims in Mississippi alleging that State Farm improperly deducted Non-Material Depreciation from actual cash value ("ACV") payments when adjusting claims for structural losses under homeowner policies. State Farm has denied, and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the Complaint.

2.    After litigation between the Parties and arms-length negotiations between Class Counsel and State Farm's counsel, the Parties reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal of claims against State Farm. The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations and two mediations before United States Magistrate Judge Roy Percy. During the negotiations, and in accordance with the highest ethical standards for class action settlement negotiations, settlement relief to the class members was agreed to prior to negotiations concerning any potential award of attorneys' fees, litigation expenses or service award. At the time of settlement negotiations, and after years of district court and appellate litigation, Class Counsel was well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of trial and protracted appeal thereafter with respect to numerous difficult questions of law and fact.

3.    Plaintiff and State Farm executed the Stipulation of Settlement and exhibits thereto on August 21, 2020 (collectively, the "Stipulation").

4.    The Stipulation is hereby incorporated by reference in this Final Order and Judgment, and the definitions and terms set forth in the Stipulation are hereby adopted and incorporated into and will have the same meanings in this Final Order and Judgment.

5. On September 10, 2020, the Court entered its Order Granting Preliminary Approval of Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily certifying the settlement Class for settlement purposes, and scheduling a hearing for February 18, 2021, at 2:00 p.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Final Approval Hearing").

6. This Court previously certified a litigation class of policyholders (Doc. No. 164). As part of its Preliminary Approval Order, the Court conditionally certified the same defined class for settlement purposes ("Settlement Class"), again defined as follows:

> All State Farm homeowners policyholders who made a structural damage claim for property located in the state of Mississippi which resulted in an ACV payment during the Class Period from which Non-Material Depreciation is still being withheld from the policyholder (i.e., has not been paid back as replacement cost benefits). The class includes policyholders that did not receive an ACV payment solely because the withholding caused the loss to drop below the applicable deductible. The Class Period only includes policyholders that received their first claim payment (or would have received their first claim payment) on or after June 23, 2014. The class excludes all claims arising under policies with State Farm endorsement Form FE-3650 or any other policy form expressly permitting the "depreciation" of "labor" within the text of the policy form. The class also excludes any claims for which the applicable limits of insurance have been exhausted. Finally, the Class excludes members of the judiciary and their staff to whom this action is assigned; State Farm and its affiliates, officers and directors; and Plaintiff's counsel.

7. On February 11, 2021, Plaintiff moved the Court for Final Approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment. In support, Plaintiff submitted, inter alia, evidence showing: the dissemination and adequacy of the Class Notice and Claim Form; the dissemination of the Postcard Notice; the establishment of an automated toll-free telephone number and settlement website; the names of potential Class Members who, per the terms of the Stipulation, submitted a timely and proper request for exclusion from the Settlement Class; the negotiation of the Stipulation; the fairness, reasonableness, and adequacy of the

3

Stipulation; and the fairness, reasonableness, and adequacy of Class Counsel's application for fees. In support of the Motion for Final Approval, Plaintiff submitted a brief in support, setting forth extensive argument and authority along with various exhibits attached thereto.

8.  In addition, on February 11, 2021, Plaintiff submitted her motion concerning attorneys' fees, litigation costs, and a service award, which application included evidence as the fairness and reasonableness of those requests, as well as extensive argument and authority. Plaintiff's motion sought no more than $2,190,000 in attorneys' fees, expenses, and costs, and a service award to the Representative Plaintiff of no more than $15,000, all to be paid by State Farm.

9.  On February 11, 2021, State Farm filed a Separate Submission in Support of Final Approval of Class Action Settlement. State Farm set forth in its Memorandum extensive argument and authority supporting final approval of the proposed Settlement, including its view that the Settlement is especially fair, reasonable and adequate given its assessment of the strength of State Farm's defenses as to both liability and damages.

10.  In further support of the Motion for Final Approval and the Motion for Service Award to Class Representative and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel, Plaintiff filed the following:

| Doc. No. | Description |
| --- | --- |
| 244-1 | Declaration of Lorine Mitchell |
| 244-2 | Declaration of J. Brandon McWherter |
| 244-3 | Declaration of T. Joseph Snodgrass |
| 244-4 | Declaration of David McMullan |
| 239-1 | Declaration of Amy Fringer |

11.     Plaintiff and the Administrator have satisfactorily demonstrated that the Class Notice and Claim Form was mailed, that the Postcard Notice was mailed, and that an automated toll-free telephone number and settlement website were established in accordance with the Stipulation and Preliminary Approval Order.

12.     The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 et seq., have been sent and that State Farm has fully complied with the notice requirements under that Act.

13.     The Settlement provides substantial monetary benefits to Class Members who timely submit completed Claim Forms. In addition, State Farm has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Stipulation is fair, and provides Class Members with an extended and ample opportunity to submit claims for settlement payments as described in the Stipulation.

14.     All potential Class Members were provided an opportunity to request exclusion from the Settlement and Action, as provided in the Stipulation. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Class are identified in the attached Exhibit 1.

15.     Class Members who did not timely file and serve an objection in writing to the Stipulation, to the entry of this Final Judgment, or to Class Counsel's application for fees, in accordance with the procedure set forth in the Stipulation and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

5

16.     At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Plaintiff's Motion for Service Award to Class Representative and Awards of Attorneys' Fees, Costs, and Expenses to Class Counsel, under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and State Farm's counsel, but also rigorously and independently evaluated the Stipulation and Plaintiff's Motions, and as such, the Court considered arguments that could reasonably be made against approval of the Stipulation and Plaintiff's Motions, even if such arguments were not actually presented to the Court by objection, pleading or oral argument.

17.     On the basis of the matters presented in this Lawsuit and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against State Farm, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

   a. The liability issues in this Action and the suitability of this Action for continued certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

   b. This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties and the outcome of any class trial or appeal remain uncertain;

   c. The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties and arms-length negotiation, which negotiation was facilitated by Magistrate Judge Percy, and not a result of any collusion on the part of Class Counsel or State Farm; and

   d. Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## II. CONCLUSIONS OF LAW

18. The Court has personal jurisdiction over the Plaintiff, State Farm, and Class Members; venue is proper because the underlying claims arose in this district; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Stipulation, to grant final certification of the Settlement Class, to settle and release all claims arising out of the Action, and to enter this Final Order and Judgment and dismiss this Action on the merits and with prejudice, pursuant to 28 U.S.C. § 1332(d)(2).

19. The Court concludes that the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action. This Court previously found that all of the requirements of Rule 23(a) (including numerosity, typicality, commonality and adequacy) and Rule 23(b)(3) (including predominance and superiority) were satisfied for a litigation class with the same class definition as the Settlement Class. *See* Doc. No. 164. That finding was affirmed in relevant part by the U.S. Court of Appeals for the Fifth Circuit. This Court now specifically finds that the Settlement Class also satisfies the foregoing requirements.

20. The Court further finds that the Representative Plaintiff and Class Counsel (identified below) have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

21.     Based on the Court's review of the evidence submitted and arguments of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Postcard Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Action, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

22.     The Final Approval Hearing and evidence before the Court clearly support a finding that the Stipulation was entered into in good faith after arms-length negotiations between Plaintiff and State Farm, and the Court does hereby so find.

23.     The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Stipulation is fair, reasonable, and adequate to, and in the best interests of, members of the Settlement Class, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

24.     A review of the following factors supports a finding that the Settlement is fair, reasonable and adequate:

    a.  The absence of any fraud or collusion behind the settlement;

    b.  The complexity, expense, and likely duration of the litigation;

    c.  The stage of the proceedings and the amount of discovery completed;

    d.  The probability of plaintiff's success on the merits;

    e.  The range of possible recovery; and

    f.  The opinions of the class counsel, class representatives, and absent class members.

*Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *see also Jones v. Singing River Health Services Foundation,* 865 F.3d 285, 293 (5th Cir. 2017).

    25.    Although the notice campaign was highly successful and resulted in notice being mailed to approximately 10,869 Class Members, only 5 Class Members requested exclusion from the Settlement Class, and no Class Members filed objections to the Stipulation. The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement. Those persons or entities that have opted-out of the lawsuit are identified in the attachment hereto at Exhibit 1.

    26.    The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that could have been raised by any Class Member. After considering all possible objections, the Court finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Reed* factors.

    27.    The claim process as set forth in the Stipulation is fair, reasonable, and adequate to Class Members. Any Class Member who did not request exclusion from the Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

    28.    Class Counsel's requests for attorneys' fees, expenses, and costs, and the Representative Plaintiff's request for a service award, to be paid by State Farm, are fair, reasonable and adequate, based on a review of the following factors:

    a.  The time and labor required;

    b.  The novelty and difficulty of the questions;

    c.  The skill requisite to perform the legal service properly;

    d.  The preclusion of other employment by the attorney due to acceptance of the case;

    e.  The customary fee for similar work in the community;

    f.  Whether the fee is fixed or contingent;

    g.  Time limitations imposed by the client or the circumstances;

    h.  The amount involved and the results obtained;

    i.  The experience, reputation, and ability of the attorneys;

    j.  The undesirability of the case;

    k.  The nature and length of the professional relationship with the client; and

    l.  Awards in similar cases.

*See Johnson v. Ga. Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974); *see also In re: High Sulfur Content Gasoline Products Liab. Litig.*, 384 F. App'x 299, 300-01 (5th Cir. 2010) (applying *Johnson* factors to evaluate reasonableness of fee award).

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

29.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

30.    Timely requests for exclusion were submitted by 5 potential members of the Settlement Class and those potential Class Members (identified in Exhibit "1" hereto) are excluded from the Settlement Class. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Stipulation, including the releases provided for in the Stipulation and this Final Order and Judgment.

31. Plaintiff's Motion for Final Approval (Doc. No. 240) is hereby **GRANTED** and all provisions and terms of the Stipulation are hereby finally approved in all respects. The Parties to the Stipulation are directed to consummate the terms of the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

32. This Final Order and Judgment shall be immediately entered as to all claims in the Action between the Representative Plaintiff and Class Members and State Farm, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Stipulation, fully and finally terminating all claims of the Representative Plaintiff and the Settlement Class in this Action against State Farm in accordance with the terms and conditions of the Settlement, on the merits and with prejudice without leave to amend. The Court expressly determines that there is no just reason for delay in entering this Final Order and Judgment.

33. Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiff Lorine Mitchell is appointed as the Representative Plaintiff for this Settlement Class, and the following counsel are appointed as counsel for the settlement Class ("Class Counsel"):

David McMullan Jr. (MSB #8494)
BARRETT LAW GROUP, P.A.
404 Court Square N P.O. Box 927
Lexington, MS 39094
T: 662.834.2488
dmcmullan@barrettlawgroup.com

J. Brandon McWherter (MSB
#105244)
MCWHERTER SCOTT &
BOBBITT PLC
341 Cool Springs Blvd., Ste. 230
Franklin, TN 37067
T: 615.354.1144
brandon@msb.law

T. Joseph Snodgrass
LARSON KING, LLP
307th Street E., Suite 800
St. Paul, MN 55101
T: 651-312.6510
jsnodgrass@larsonking.com

34. Upon the entry of this Final Order and Judgment, the Representative Plaintiff, all Class Members who did not timely and properly exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Order and Judgment and shall be conclusively deemed to have fully released and discharged, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims concerning the Subject Matter of the Lawsuit, all as defined in the Stipulation, and shall be conclusively bound by this Final Order and Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiff and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Stipulation. The Stipulation shall be the exclusive remedy for all Class Members with regards to Released Claims.

35. Although the definitions in the Stipulation are incorporated in and are part of this Final Order and Judgment, the following definitions from the Stipulation are repeated for ease of reference:

        a. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto,* debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages) arising from or in any way related to the Subject Matter of the Lawsuit, which have been alleged or which could have been alleged by Plaintiff in the Action relating to the Subject Matter of the Lawsuit, on behalf of themselves and/or on behalf of the Class, to the full extent of *res judicata* protections, whether arising under

12

or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. Released Claims do not include any claim for enforcement of the contemplated Stipulation and/or the Final Judgment. This definition is not intended to prevent an individual Class Member from recovering any RCBs that may still remain available under the terms of his or her Policy.

b. "Released Persons" means, individually and collectively, (a) State Farm Fire and Casualty Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i). The Released Claims extend only to claims arising under insurance policies issued by the Defendant.

c. "Subject Matter of the Lawsuit" means any and all claims pertaining to the Defendant's calculation, deduction, determination, inclusion, modification, omission, and/or withholding of depreciation through use of Xactimate®'s "Depreciation Options" settings, Depreciate Non-Material, Depreciate Removal, Depreciate Sales Tax and/or Depreciate O&P, to allegedly improperly underpay, or refuse to pay, ACV Payments under homeowners' insurance policies during the Class Period for Structural Loss.

36. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Order and Judgment, the Court permanently and forever bars and enjoins the Representative Plaintiff and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in knowing contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction, subject to this Court's discretion.

37. This Final Order and Judgment, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement, or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be construed as an admission or concession by State Farm

13

of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of State Farm.

38.     Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Stipulation into evidence for purposes of enforcing the Settlement or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion.

39.     Confidential Information of State Farm shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and any other attorneys for Plaintiff in this Lawsuit shall destroy or return to State Farm's Counsel all Confidential Information in their possession, custody, or control as set forth in the Stipulation.

40.     Class Counsel's motion concerning attorneys' fees, litigation costs and a service award (Doc. No. 242) is hereby GRANTED.  Pursuant to Rule 23(h), the Court awards Class Counsel $2,190,000.00 in attorneys' fees, litigation expenses, and costs. In addition, the Court awards Representative Plaintiff a service award of $15,000.00. The Court hereby finds that these amounts are fair and reasonable. State Farm shall pay such fees and expenses to Class Counsel and the service award to the Representative Plaintiff pursuant to the terms of the Stipulation. State Farm shall not be responsible for and shall not be liable with respect to the allocation among class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

41.     Claim Settlement Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, subject to the terms and in the manner described in the Stipulation.

42.     The Court appoints Bobby Dallas of Sessums Dallas, PLLC as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Stipulation. The Representative Plaintiff, Class Counsel, State Farm, and State Farm's Counsel shall not be liable for any act or omission of the Neutral Evaluator.

43.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

44.     The Action is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

45.     Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

    a.   Enforcing the Stipulation and the Settlement;

    b.   Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

    c.   Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this _25__ day of _February_____, 2021.


_____
Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI